TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000288-KB

FINAL

DATE 9-3-14 *Eva.tGroup*

SETH JARAD JOHNSTON                                                          MOVANT


V.                                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                              RESPONDENT


## OPINION AND ORDER

Movant, Seth Jarad Johnston, KBA No. 91030,[1] petitions this Court to resign under the terms of permanent disbarment. The Kentucky Bar Association (KBA) has no objection to Johnston's motion. Movant was temporarily suspended pursuant to SCR 3.166(1)[2] on October 31, 2013.

---

[1] Movant was admitted to the practice of law in Kentucky on October 14, 2005, and his bar roster address is 250 W. Main Street, Suite 300, Lexington, Kentucky, 40507.

[2] SCR 3.166(1)provides that: "Any member of the Kentucky Bar Association who pleads guilty to a felony, including a no contest plea or a plea in which the member allows conviction but does not admit the commission of a crime, or is convicted by a judge or jury of a felony, in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth. "Felony" means an offense for which a sentence to a term of imprisonment of at least one (1) year is authorized by law. The imposition of probation, parole, diversion or any other type of discharge prior to the service of sentence, if one is imposed, shall not affect the automatic suspension. The suspension shall take effect automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first. The suspension under this rule shall remain in effect until dissolved or superseded by order of the Court. Within thirty (30) days of the plea of guilty, or the finding of guilt by a judge or jury, or entry of judgment, whichever occurs first, the suspended attorney may file a motion with the Clerk of the Supreme Court of Kentucky setting forth any grounds which the attorney believes justify dissolution or modification of the suspension."

# I. BACKGROUND

Movant entered a guilty plea in the U.S. District Court for the Eastern District of Kentucky in the matter of *United States v. Seth J. Johnston*, Case No. 13-CR-00142-JMH to the following criminal charges contained in an information filed by the U.S. Attorney's office: two counts of mail fraud (18 U.S.C § 1341); one count of wire fraud (18 U.S.C § 1343); one count of obstruction of justice (18 U.S.C § 1512(k)); one count of distribution of controlled substance analogues (21 U.S.C § 846); and one count of Tax Fraud (26 U.S.C § 7201). The maximum cumulative sentence for these offenses includes imprisonment for up to forty-five years and fines of up to $1,350,000.00. Movant had not been sentenced on the charges as of the date of the filing of this petition. At present, although the KBA is investigating all of the offenses, the Inquiry Commission has not yet returned formal disciplinary charges.

## II. KBA FILE 21299

KBA File 21299 relates to Count 1 and Count 3 of the information. charges. Count I charged that Movant committed mail fraud in connection with a lawsuit brought in the wake of the well-known, and notorious, Fen-phen litigation to recover funds wrongfully diverted from the Fen-phen plaintiffs. Movant devised a scheme to divert to his own personal accounts, $14,963.05 that his firm collected for the Fen-phen clients.

Count III of the information charged Movant with committing wire fraud by devising a scheme by which he fraudulently gained access under false pretenses to a bank account of his associate, Angela Ford, and stole money

2

from her. Movant used that money to cover amounts he had stolen from clients, and which he had diverted to his personal use, including his role in a conspiracy to illegally distribute synthetic marijuana as set out in Count 5.

Movant acknowledges that the foregoing facts would support disciplinary charges for violations of SCR 3.130-8.4(b) (criminal act reflecting adversely on lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and SCR 3.130-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).

### III. KBA FILE 21600

KBA File 21299 relates to Counts 2, 4, 5, and 6 of the information. Count 2 alleged that Movant had committed mail fraud in connection with his representation of the Estate of Cecil Rowlett. Movant defrauded the residual heirs of the estate by hiding estate assets and diverting to his own benefit, and to the benefit of the executor of the estate, Brett Rowlett. In furtherance of his scheme, Movant misrepresented the value of the cash assets of the estate to the Harlan District Court, and then diverted the unreported amounts for his own benefit and for the benefit of the executor of the estate, Brett Rowlett, and that the scheme involved the use of the U.S. Postal Service.

Count 4 of the information charged Movant with obstruction of justice in connection with his efforts to influence a witness, Stacey Birden, to destroy or conceal documents with the intent to impair their availability for use in the federal grand jury's investigation of Movant.

Count 5 of the information charged Movant with conspiracy to import synthetic marijuana into Fayette County for distribution and sale in his co-

3

conspirators' various convenience stores. Appellant admits that he participated in this conspiracy by transferring $100,000.00 to his co-conspirators to finance the illegal scheme.

Count 6 of the information charged Movant with tax fraud for underreporting his taxable income for the 2011 tax year. Movant admits that he filed a false tax return reflecting $26,372.00 in taxable income when his actual taxable income for that year was $208,950.00; Movant further admits that this failure to report his entire amount of income was done knowingly and willfully and that over $10,000.00 of the money he obtained in calendar year 2011 was from criminal activity.

Movant acknowledges that the facts of these counts would support disciplinary charges for violations of SCR 3.130-3.3(a)(1) (false statement of material fact to tribunal); SCR 3.130-8.4(b) (criminal act reflecting adversely on lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and SCR 3.130-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).

## IV. DISCIPLINE

Movant admits that his actions violated the above referenced Rules of Professional Conduct. Therefore, he requests that the Court grant him leave to resign from the KBA under terms of permanent disbarment pursuant to SCR 3.480(3).[3] We agree that Movant's motion to withdraw his membership is appropriate pursuant to SCR 3.480(3). Therefore, it is hereby ORDERED that:

---

[3]SCR 3.480(3) provides in pertinent part:

4

1. Movant, Seth Jared Johnston, is permanently disbarred from the practice of law;

2. In accordance with SCR 3.450, Movant shall pay all costs associated with these proceedings, said sum being $135.40, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.390, Movant shall, within ten days from the entry of this Opinion and Order, if he has not already done so, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel; and

4. If he has not already done so, to the extent possible, Movant shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: August 21, 2014.

_____
CHIEF JUSTICE

---

Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his membership under terms of permanent disbarment shall file a verified motion with the Court stating as follows:

    (a) He/she has violated the Rules of Professional Conduct, or his/her conduct fails to comply with those rules, the specifics of which shall be detailed in the motion.

    (b) He/she will not seek reinstatement and understands the provisions of SCR 3.510 and SCR 3.520 do not apply.

    (c) He/she will not practice law in the Commonwealth of Kentucky subsequent to the permanent disbarment order.